**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2997-18T1

ACE 1818 TRADING LLC,

    Plaintiff-Respondent,

v.

SONIA GOF,

    Defendant-Appellant.

_____

        Submitted March 16, 2020 – Decided May 15, 2020

        Before Judges Sabatino and Sumners.

        On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-004243-17.

        Charles R. Thomas, attorney for appellant.

        Pellegrino & Feldstein, LLC, attorneys for respondent (Michael G. Pellegrino, on the brief).

PER CURIAM

    Defendant appeals the January 29, 2019 order by Judge Randal C. Chiocca

denying her Rule 4:50-1 motion to vacate a final judgment of foreclosure by

default.  Because the record supports the judge's determination that defendant was properly served the foreclosure complaint and order setting time, place, and amount of redemption (redemption order) and that there was no basis under Rule 4:50-1 for defendant's failure to redeem the property, we affirm.

By a duly recorded deed on June 28, 1996, defendant became the sole owner of an empty lot (the property) in Paterson.  Years later in 2014, property taxes, water, and sewer charges on the undeveloped lot were unpaid and plaintiff purchased a tax lien on the property, which was recorded on September 16, 2014.

On February 21, 2017, plaintiff filed a tax lien foreclosure compliant on the property.  An affidavit of service evidences defendant was personally served with the foreclosure complaint on March 9, at 7:42 a.m., at her home address in Wayne Township.  The affidavit described defendant as a female with white skin color, in the age range of thirty-six to fifty years old, weighing between 131 and 160 pounds, and between 5'4" and 5'8" tall.  It was also noted she was wearing a hijab, which prevented her hair color from being determined.

On June 12, an order of default against defendant was entered and set July 27 as the due date in which defendant would have to pay $29,779.97 at the Tax Collector of Paterson in order to redeem the property.  The redemption order was delivered to defendant at her home address by regular and certified mail;

the regular mail was not returned as undeliverable and a signed green card by defendant demonstrated her receipt of the certified mail on June 20.

On September 15, final judgment of foreclosure by default was entered against defendant when she failed to appear to redeem the property from foreclosure.

A little less than a year later in August 2018, defendant, represented by counsel, filed a Rule 4:50-1 motion to vacate the redemption order.[1] In support, she submitted a certification claiming she was "not served with any of the plaintiff's pleadings or motions" and was not served the June 12, 2017 redemption order. She argued she was able to immediately redeem the property. It was not until her reply brief that plaintiff raised the argument that the final judgment of foreclosure by default should be vacated.

On January 29, 2019, Judge Chiocca denied the opposed motion on the papers and entered an order denying the motion to vacate the redemption order or the final judgment of foreclosure by default. In his oral decision, the judge explained the motion was "not supported by a brief . . . [despite] reference to a formal brief being filed in accordance with the rules[,]" but was only "supported

---

[1] Defendant attempted to file a motion to vacate the default final judgment of foreclosure in October 17, 2017, but it did not conform with our court rules and was not presented to the court for disposition.

A-2997-18T1

by a certification of the defendant." The judge then noted that a reply brief subsequently filed by a different attorney than the one who filed the motion, argued the final judgment of foreclosure by default should be vacated and tax redemption should be permitted despite the fact there was no "motion [filed] to vacate the default judgment." Nevertheless, the judge addressed the argument that the final judgment of foreclosure by default should be vacated.

After summarizing defendant's contentions that she was not personally served with the foreclosure complaint and redemption order, the judge concluded there was no support for the statements. He specifically found:

> [T]here [wa]s no defect in personal service. All of the documents . . . show clearly and convincingly that the defendant was served with process personally and that she signed for the various other orders and documents that were provided to her home.
>
> The defendant makes no effort in the reply papers to address the issue of service of process, which is specifically set forth in the opposition papers. The only thing the [c]ourt has before it which it finds to be deficient and on its face lacks credibility is the conclusory statement that service never took place[.]

Next, the judge noted that under US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 463 (2012), the only possible meritorious defense could be excusable neglect for not having defended the foreclosure action in a timely manner. The judge determined "the facts on this motion record do not suggest an honest

4

mistake or action compatible with due diligence and reasonable prudence." He further stated, "[t]o the contrary it appears that the defendant neglected this matter, failed to oppose the action, failed to take any steps to protect her rights until . . . long after final judgment was entered." This appeal ensued.

Before us, defendant argues Judge Chiocca should have declared the final foreclosure judgment by default and the redemption order void because service was not made. She contends vacating the final judgment would not prejudice plaintiff because she is prepared to redeem the entire balance due. Alternatively, she contends that under Rule 4:50-1(a) and (f), her failure to file a timely motion to vacate judgment was permissible due to excusable neglect or extraordinary circumstances because she was not served the final judgment order. We disagree and affirm substantially for the reasons set forth in Judge Chiocca's oral decision. We add the following brief comments.

Generally, a court's determination under Rule 4:50-1 warrants substantial deference and should not be reversed unless it results in a clear abuse of discretion. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). An abuse of discretion occurs when a decision is "made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis." Guillaume, 209 N.J. at 467-68 (quoting Iliadis v. Wal-

Mart, 191 N.J. 88, 123 (2007)) (internal quotations omitted).  Rule 4:50-1 states "the court may relieve a party . . . from a final judgment . . . for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; . . . or (f) any other reason justifying relief from the operation of the judgment or order."  "The rule is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'"  Guillaume, 209 N.J. at 467 (citation and internal quotation marks omitted).

In the context of a default judgment, "[a] court should view 'the opening of default judgments . . . with great liberality,' and should tolerate 'every reasonable ground for indulgence . . . to the end that a just result is reached.'" Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993) (second and third alteration in original) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964)).  "In the tax sale certificate foreclosure context considerations of public policy and equity are also taken into account."  M&D Assocs. v. Mandara, 366 N.J. Super. 341, 350 (App. Div. 2004).

Defendant's certification – submitted in support of her motion to vacate – that she was not given notice of the foreclosure proceeding and her right to

A-2997-18T1

redeem is belied by the record. In fact, defendant raised no challenge to the affidavit of service of the foreclosure complaint and the mail service of her redemption rights. She did not deny living at the Wayne Township address at the time personal and mail service was accomplished. She did not assert the woman described in the affidavit of service did not match her description or that the signature on the green card was not hers. Defendant's arguments in this appeal are no different than those properly rejected by Judge Chiocca in finding the evidence uncontroverted that defendant was served the foreclosure complaint, followed by entry of default, and her failure to redeem after being served notice of her right to do so.

There is no "excusable neglect" under Rule 4:50-1(a) because the facts do not establish defendant's default was "attributable to an honest mistake that is compatible with due diligence or reasonable prudence." Mancini, 132 N.J. at 335. There are also no extraordinary circumstances or "other reason justifying relief from the operation of the judgment" under Rule 4:50-1(f).

In failing to refute the judge's finding that service of the foreclosure complaint and the redemption order occurred, defendant's other arguments are meritless as they are based on the premise that either: (1) the final judgment of foreclosure is void because of a defect in service; or (2) her untimeliness in

7

redeeming the property should be excused because she did not have knowledge of the judgment. Accordingly, defendant has made no showing the judge abused his discretion in denying her motion to vacate the final judgment of foreclosure.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2997-18T1